IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH BARGER,<br><br>    Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA; CIGNA CORPORATION<br><br>    Defendant. | Civil Action No. 3:19-cv-1993 |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, Kenneth Barger, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plan, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

1

3.       Venue is proper within the District of Connecticut pursuant to 29 U.S.C. § 1132(e)(2) because that is where Defendant is domiciled.

## PARTIES

4.       Plaintiff, Kenneth Barger, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Johnson County, Kansas.

5.       Defendant Cigna Corporation (hereinafter "Cigna"), is a company that provides insurance products and services through several operating subsidiaries and is domiciled and authorized to transact the business of insurance in this State, and may be served with process under the laws of this State by use of a third-party process server to personally serve any of the individuals listed under Connecticut General Statute §52-57(c).

6.       Upon information and belief, Defendant Life Insurance Company of North America ("LINA") is one of the subsidiaries through which Defendant Cigna provides insurance products and services and, as a subsidiary of Cigna, is authorized to transact the business of insurance in this State, and may be served with process under the laws of this State by use of a third-party process server to personally serve any of the individuals listed under Connecticut General Statute §52-57(c).

7.       Defendant LINA is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. FLK090071, issued by LINA to Yum! Brands, Incorporated (hereinafter "Yum! Brands").

## FACTS

8.       Prior to his disability, Plaintiff was employed by Yum! Brands, as Restaurant General Manager of a Taco Bell.

9. Yum! Brands offers group long-term disability insurance as an employee benefit pursuant to the LTD Plan.

10. Plaintiff is a participant of the LTD Plan.

11. Benefits under the LTD Plan are insured by Group Policy No. FLK090071, issued by LINA and Cigna to Yum! Brands (hereafter, defendants Cigna and LINA will be collectively referred to as "LINA").

12. Plaintiff ceased work due to a disability on June 5, 2016, while covered under the Plan.

13. Plaintiff's disability results from his diagnoses of stage IV sarcoidosis and severe small fiber neuropathy.

14. Due to his diagnoses of stage IV sarcoidosis and small fiber neuropathy, Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

15. Plaintiff filed an application for LTD benefits under the Plan.

16. By letter dated January 10, 2017, LINA approved Plaintiff's LTD claim, and awarded him monthly benefits in the amount of $3,553 commencing on December 3, 2016.

17. Thereafter, Plaintiff received LTD benefits for the period between December 3, 2016 through March 12, 2019.

18. Concurrently, Plaintiff applied for Social Security Disability Benefits and was approved based on a finding by the Social Security Administration that he is disabled from performing any occupation as of June 5, 2016.

19. By letter dated March 12, 2019, LINA terminated Plaintiff's LTD claim relying exclusively on the opinions of its own file-reviewing physicians and the opinion of a physician who examined Plaintiff one time.

20. Plaintiff thereafter appealed by letter dated September 6, 2019. (*See* Appeal Letter attached as Exhibit 1)

21. Along with the appeal, Plaintiff submitted additional evidence in support of his claim including supportive opinion forms as well as a sworn statement from his treating physicians; this additional opinion evidence consistently showed that Plaintiff was and remains unable perform even at a sedentary level of work due to Plaintiff's severe shortness of breath and severe neuropathic pain. (*See* Exhibit 1)

22. Under 29 C.F.R § 2560.503-1(f)(3), LINA was required to make a decision or, alternatively, send written notice of a 45-day extension by October 21, 2019.

23. On September 30, 2019, LINA requested Plaintiff to complete an authorization form that would allow LINA to obtain his claim file from the Social Security Administration but did not indicate in any way that it would be requiring a 45-day extension. (*See* Letter attached as Exhibit 2).

24. Plaintiff provided LINA with the requested information on October 15, 2019 and, in good faith, extended LINA's decision deadline to October 29, 2019. (*See* Letter attached as Exhibit 3).

25. LINA did not make a decision by October 29, 2019 and, to date, has still not made a decision on Plaintiff's claim.

26. By letter dated October 31, 2019, Plaintiff notified LINA that it had missed its deadline for rendering a decision and requested that a decision be made immediately but in no event later than seven days from receipt of that letter. (*See* Letter attached as Exhibit 4)

27. On November 1, 2019, Plaintiff received a letter from LINA stating that LINA would require an extension of 45 days to make a decision. The date in the letter was listed as October 28, 2019, however, the date of postage for the letter was October 31, 2019 (*See* Letter attached as Exhibit 5).

28. Plaintiff received another letter on November 1, 2019 in which LINA indicated that it had not even started reviewing Plaintiff's appeal until October 21, 2019 and again indicated that it would require an extension of 45 days to make a decision, meaning that LINA's decision would be due by December 5, 2019.(*See* Letter attached as Exhibit 6).

29. Plaintiff responded by letter dated November 19, 2019 re-explaining to LINA that it missed its deadline for rendering a decision and that its written notices for an extension were not timely provided as required by 29 C.F.R. §2560.503-1(h)(3) and notified LINA that if a decision was not rendered Plaintiff would be asking the Court to apply a *de novo* standard of review based on LINA's failure to comply with the ERISA regulations. (*See* Letter attached as Exhibit 7).

30. On December 2, 2019, Plaintiff received a letter from LINA stating that Plaintiff's claim was currently being reviewed and that Plaintiff would be notified within 30 days that either a determination had been made or that additional information would be required. (*See* Letter attached as Exhibit 8).

31. LINA did not make a decision by December 5, 2019 and, to date, has still not made a decision on Plaintiff's Claim.

32.     By letter dated December 6, 2019, Plaintiff notified LINA that it had missed its extended deadline for rendering a decision and requested that a decision be made immediately but in no event later than seven days from the receipt of that letter. (*See* Letter attached as Exhibit 9)

33.     Pursuant to 29 C.F.R. § 2560.503-1(l)(1)-(2), due to LINA's failure to make a decision by its deadline, Plaintiff is deemed to have exhausted the mandatory administrative remedies available and is entitled to pursue remedies under §502(a) of the Employee Retirement Income Security Act ("ERISA").

34.     LINA's failure to make a decision by the deadline imposed by the ERISA regulations is a violation of the ERISA claims regulations and results in Plaintiff's claim being reviewed *de novo*.

35.     LINA owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty to establish and comply with reasonable claims procedures.

36.     LINA would pay any LTD benefits due out of its own funds.

37.     LINA owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

38.     LINA was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

39.     LINA allowed its concern over its own funds to influence its decision-making.

40.     LINA breached its fiduciary duties to Plaintiff, including the duty to establish and comply with reasonable claims procedures and the duty of loyalty.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

41.    Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

42.    Plaintiff is disabled and entitled to benefits under the terms of the Plan.

43.    Under the terms of the Plan and Policy, Defendant agreed to establish and maintain reasonable claims procedures, including rendering decisions within the time-frame stated by 29 C.F.R § 2560.503-1(f)(3).

44.    Defendant failed to provide, establish and maintain reasonable claims procedures and failed to render a decision within the time frame stated by 29 C.F.R § 2560.503-1(f)(3), and this failure constitutes a breach of the Plan.

45.    The decisions to deny benefits were wrong under the terms of the Plan.

46.    The decisions to deny benefits and decision-making processes were arbitrary and capricious.

47.    The decision to deny benefits was influenced by the Defendant's financial conflict of interest.

48.    The decision to deny benefits was not supported by substantial evidence in the record.

49.    As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

50.    As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to

suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE. Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding that Defendants have failed to establish and follow reasonable claims procedures under 29 C.F.R § 2560.503-1(l)(1).

2. A finding that the *de novo* standard of review applies due to Defendant's failure to timely make a decision.

3. A finding in favor of Plaintiff against the Defendant;

4. Damages in the amount equal to the disability income benefits to which he was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

5. Prejudgment and postjudgment interest;

6. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which he might be entitled on the basis of being disabled under the LTD plan.

7. Plaintiff's reasonable attorney fees and costs; and

8. Such other relief as this court deems just and proper.

Dated this 19th day of December, 2019.

                Respectfully submitted,

                ERIC BUCHANAN & ASSOCIATES, PLLC
                ATTORNEYS FOR PLAINTIFF

                BY:    */s/ Hudson Ellis*
                         Hudson Ellis (CT16708)
                         414 McCallie Avenue
                         Chattanooga  TN  37402
                         (423) 634-2506
                         FAX:  (423) 634-2505
                         ellish@buchanandisability.com